IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA, | ) | CR 11-14-M-DWM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| ERVIN JOSEPH RAMON, | ) | |
| Defendant. | ) | |

Ervin Joseph Ramon ("Ramon") moves to dismiss the Indictment charging him with failing to register as a sex offender in violation of the Sex Offender Registration and Notice Act ("SORNA"). He argues he had no duty to register under SORNA because he did not have actual notice of the registration requirement. Ramon also argues the section of SORNA authorizing the Attorney General to issue regulations is an impermissible delegation of legislative authority. Finally, Ramon argues SORNA is not an enforceable law in Montana until the State enacts and fully implements the act.

Counsel for Ramon presented the improper notice and nondelegation arguments in a motion to dismiss in United States v. Crowder, CV 09-25-BU-

1

DWM (dkt # 15). Counsel presents no new law that convinces the Court to change course. Accordingly, the Court stands by the reasoning and conclusions set forth in its December 9, 2009, order (dkt # 20). The Indictment does not charge Ramon with a crime that requires specific intent; actual notice of SORNA is not required. U.S. v. Whaley, 577 F.3d 254, 262 n. 6 (5th Cir. 2009). Additionally, SORNA does not violate the nondelegation doctrine.

The new argument that SORNA cannot be enforced until Montana conforms its sex offender registration laws to match SORNA fails. The Ninth Circuit Court of Appeals rejected this argument. U.S. v. George, 625 F.3d 1124, 1128 (9th Cir. 2010). "SORNA creates a federal duty to register with the relevant existing state registries regardless of state implentation of the specific additional requirements of SORNA." Id. Therefore,

IT IS HEREBY ORDERED that Defendant's motion to dismiss (dkt # 18) is DENIED.

Dated this 25th day of April, 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT